FILED

| | FOR COURT USE ONLY<br>2025 SEP 23 PM 1:29<br>CLERK U.S. DISTRICT COURT<br>CENTRAL DIST. OF CALIF.<br>LOS ANGELES<br>BY: MW |
|---|---|

**UNITED STATES COURT**
**CENTRAL DISTRICT OF CALIFORNIA – Wester-Central DIVISION**

| MARUZELLA BOGNOLI<br>VS<br>ACTON AGUA DULCE USD<br>and Sedgwick Ins Co | CASE NO.: 2:25-CV-04569-MWF-SSCX<br><br>ADVERSARY NO.: ______<br>(If applicable)<br><br>**TITLE OF DOCUMENT (*specify*):**<br>Notice to set aside default if enter + QUASH SERVICE OF NOTICE TO DISMISS<br>*(This cover sheet is for use by filers when the case name, number, and other information is not included on the first page of a filing)* |
|---|---|

*Please Print*

Name of person filing this document: MARUZELLA BOGNOLI

Street Address: PO Box 921774 Sylmar, CA 91392

Telephone number: N/A

Email Address: mbognoli@yahoo.com

The filer of this document is

☑ other (*specify*): Applicant

Date: 9/23/25

Signature of person filing this document: M B

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California

Sedgwick from the notice to dismiss the lawsuit and inexcusably neglected to properly notify all parties. Due to the fact that the court will have to rule on the motion to QUASH SERVICE OF THE NOTICE PER (CCP §418.10). The applicant will not have enough time to respond to the dismissal. Applicant is requesting a continuance or postponement of the defendant's motion to request a dismissal in order to allow the court time to rule on this motion.

This motion is made on the following grounds:

- Inadvertence, surprise, mistake, or excusable neglect (CCP §473(b));
- Service of the notice did not result in actual notice (CCP §473.5);
- Service of the documents did not result in actual notice in time to defend action brought by the applicant (Civ. §1788.61).

This motion will be based upon this notice, the attached points and authorities and declaration of the applicant and the records and files in this action.

Pursuant to Local Rule 1.06 (A) the court will make a tentative ruling on the merits of this matter by 10:00 AM the court day before the hearing which is scheduled for 10-20-25.

The Applicant respectfully request that a decision be made in writing in regard to this request. The court has not notified this applicant of the court date and while investigating this matter. Applicant learned that the matter is not calendar for this date. Applicant attempted to contact the court's clerk to confirm such date, but as of today there was no answer. If applicant does not receive an order to appear on this date. Applicant will prepare to defend this motion, but will not be ready to defend the dismissal notice.

Attached to this motion are copies of the proof of service and other evidence provided at the time of the documents were serviced by mail.

Maruzella Bagnoli, In Pro Per

09/23/15

**. Strict Compliance Necessary for Substituted or Constructive Service.** A court has no authority to render judgment on the basis of substituted or constructive service of the summons when statutory requirements have not been strictly complied with (*Summers v. McClanahan* (2006) 140 Cal. App. 4th 403, 412, 44 Cal. Rptr. 3d 338 (improper service on personal manager); *Zirbes v. Stratton* (1986) 187 Cal. App. 3d 1407, 1416, 232 Cal. Rptr. 653 (substituted service); *Eagle Electric Mfg. Co. v. Keener* (1966) 247 Cal. App. 2d 246, 251, 55 Cal. Rptr. 444 (same); *Bank of America v. Carr* (1956) 138 Cal. App. 2d 727, 737, 292 P.2d 587 (constructive service)).

**7. General Appearance After Default Judgment Does Not Validate Defective Service.** The general appearance after entry of a default judgment by a defendant who was defectively served with summons does not make the defective service retroactively valid (*In re Marriage of Smith* (1982) 135 Cal. App. 3d 543, 545, 547–552, 185 Cal. Rptr. 411).

**Memorandum of Points and Authorities in Support of Motion for Set Aside**

I. Background

On 09/12/25, The defense Attorney filed a motion n this court. On 09/23/25, Applicant is entering an order quashing service of the motion for improper proof of service. The defense attorney did not serve AAD-USD or Sedgwick who are parties to this lawsuit were left out making the notice of proof of service invalid.

II. LEGAL ARGUMENT

**Pursuant to California Code of Civil Procedure §473(b), the court should void the proof os service based on inadvertence, surprise, or unexcusable neglect.**

**A. Grounds for Relief.** On application, the court may, on any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect (Code Civ. Proc. § 473(b)).

**Due to the invalid service, the Applicant will not have proper notice of the hearing and therefore could not appear to oppose the motion because the motion to quash will have be ordered first.**

**B. Policy of Law Favors Trial on Merits.** The policy of the law is that controversies should be heard and disposed of on their merits (*Fasuyi v. Permatex, Inc.* (2008) 167 Cal. App. 4th 681, 694–703, 84 Cal. Rptr. 3d 351; *Berman v. Klassman* (1971) 17 Cal. App. 3d 900, 909, 95 Cal. Rptr. 417).

**C. Court Has Wide Discretion in Granting Relief.** A trial court has wide discretion to grant relief under Code of Civil Procedure Section 473 (*Berman v. Klassman* (1971) 17 Cal. App. 3d 900, 909, 95 Cal. Rptr. 417).

**The court should grant applicant's motion for relief pursuant to CCP §473.5 because he/she received no actual notice of the action in time to defend, he/she has filed a timely motion for relief, and the delay of preparing for this motion to dismiss was the defense's avoidance of service or inexcusable neglect. The Applicant will need additional time to prepare a proper defense after the defense properly serves all of the parties to the lawsuit.**

**C. Motion for Relief From Default for Lack of Actual Notice.** When service of a notice has not resulted in actual notice to a party in time to defend an action brought by the defense, the party may serve and file a notice of motion to set aside the default and for leave to defend the action (Civ. Code § 1788.61(a)(1)).

Applicant is requesting that parties be served again correctly and that a continuance be granted to properly defend the case.

**D. Court may consider evidence presented by either party.** Either party may introduce, and the court may consider, evidence in support of its motion, including evidence relating to the process server who appears on the proof of service of the summons and complaint. (Civ. Code § 1788.61(b))

**The court should grant defendant's motion to set aside the default and default judgment, if entered on the ground that it is void because, although its invalidity may not appear from an examination of the judgment roll, it is nonetheless void in fact in that the summons and complaint were never validly served on the Applicant, and the defense lacked actual notice of this motion to dismiss the lawsuit.**

**. Motion to Quash Service of Summon**

**s.** On or before the last day of his or her time to plead, or within such further time as the court may for good cause allow, a defendant may serve and file a notice of motion to quash service of summons on the ground the defense did not properly serve all parties.

**Compliance With Statutory Provisions Governing Service of Process Is Required.** Service of summons in conformance with the mode prescribed by statute is deemed jurisdictional, and, absent such service, no jurisdiction is acquired by the court in the particular action (*Renoir v. Redstar Corp.* (2004) 123 Cal. App. 4th 1145, 1150, 20 Cal. Rptr. 3d 603; *Schering Corp. v. Superior Court* (1975) 52 Cal. App. 3d 737, 741, 125 Cal. Rptr. 337; *Sternbeck v. Buck* (1957) 148 Cal. App. 2d 829, 832, 307 P.2d 970).

Maruzella Bognoli
PO Box 921774
Sylmar, CA 91392
mbognoli@yahoo.com
Applicant In Pro Per

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | | |
|---|---|---|
| MARUZELLA BOGNOLI ,<br><br>Plaintiff,<br><br>vs.<br><br>ACTON AGUA DULCE UNIFIED SCHOOL DISTRICT AND SEDGWICK INSURANCE COMPANY<br><br>,<br><br>Defendant | ) | Case No.: 2:25-CV-04569-MWF_SSCX<br><br>NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT, IF ENTERED:<br>CCP §473(b)<br>CCP §473.5<br>Civ. §1788.61<br>AND QUASH SERVICE OF NOTICE 'TS (CCP§418.10);<br>POINTS AND AUTHORITIES;<br>DECLARATION<br><br>Date: 10-20-25<br>Dept/Time: Dept. 5 A at 10:00 a.m. |
| | ) | Date Complaint was filed: |

TO EACH PARTY AND TO THE COUNSEL OF RECORD FOR EACH PARTY:

YOU ARE HEREBY NOTIFIED THAT at the above-captioned date and time and department in the courthouse located at 350 West 1st St. Los Angles, California Court 5A that Applicant will move the court for an order requesting that an order quashing the service of the motion to dismiss plaintiff complaint pursuant to FRCP 12(B)(6) be granted due to a mistake while serving the documents to the parties involved in the lawsuit. The proof of service for this motion was served to the applicant and Trustee David Keith Gottlieb. None of the other parties were notified of such motion. Furthermore, the motion to inform the parties of the bankruptcy filing was sent to the incorrect address for Sedgwick. Defense attorney inadvertently left out Acton Agua Dulce-USD and

DECLARATION

I, Maruzella Bognoli, am the Applicant in this matter, and I declare the following in support of my motion in my case:

CONTENTS OF THE PROOF OF SERVICE OF SUMMONS

1. 1. I have reviewed the court file, and there is there is not a Proof of Service of that complies with the set forth regulations filed in this case. (If there is not a Proof of Service filed, paragraphs 2-7 below are not asserted as part of this declaration).

2. 2. The Plaintiff's Proof of Service of motion states that I served via mail, but there is no record of mailing to the Trustee. There is no record of proof of service electronically or mail or otherwise for Sedgwick or AAD-USD.

3. 3. Service allegedly took place on 09/12/25, but no stamp or electronic file was attached to the proof of service for any other party besides me. See exhibits.

**4. 4. Service was invalid**

**DECLARATION**

- I actually learned about the service via a courtesy email, but received the document 09/18/25. The way I first learned about this motion was via meet and greet with Attorney Jordan Dees; however, I asked for a meeting to discuss the defendant's concerns on 09/11/25. I was under the impression that I would hear a response, instead the motion was filed the next day. I have tried to confirm the date of the hearing which based on the documents is set for 10/20/25 @ 10:00 AM at 350 West 1st. Street Court 5A in Los Angeles, California 90012; however, to this date I have no written confirmation from the court clerk and my messages to the court clerk were not addresses; therefore, I decided to file this motion. I'm not trying to

avoid this motion, but in light of the invalid service. I will need additional time to prepare for my defense and to await the new proof of service to all of the parties involved in the lawsuit. I asked that the court grants me the additional time and request that the defense refrains from making such a mistake again. It only delays my case and denies me of my right to a timely trial.

I contend that my delay is the result of inadvertence, surprise, mistake, or excusable neglect or lack of notice for the following reasons:

- Proposed Answer, attached as Exhibit A.
- I additionally wish the court to consider the following when evaluating my request to set aside the motion to dismiss and the quash of the service.
- __________I have attached the following exhibits to this declaration in support of my motion to quash the service and allow a continuance.
  - a. Exhibit A: Copy of incorrect address for Sedgwick in previous service.
  - b. Exhibit B: Copy of the proof of service documenting my information and that off the Trustee; however, there is no mail letter or envelope included.

  c. Exhibit C: Electronically report of the service to <u>the defense attorney only. Trustee or Sedgwick or AAD-USD are not included.</u>

1. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

M B

Maruzella Bognoli
In Pro Per
09/23/25

MCCUNE & HARBER, LLP
515 SOUTH FIGUEROA ST.
LOS ANGELES, CA 90071
(213) 689-2500
Fax (213) 689-2501

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

??? what is this?

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within action; my business address is 515 South Figueroa Street, Suite 1100, Los Angeles, California 90071.

On September 12, 2025, I served the foregoing document described as **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JORDAN D. DEES**, on the interested parties as follows:

Maruzella Bognoli
P.O. Box 921774
Sylmar, CA 91392
Plaintiff, in Pro per

David Keith Gottlieb (TR)
21650 W. Oxnard St., #500
Woodland Hills, CA 91367
Phone: (818) 539-7720
Trustee

no other parties by mail or electronically

X BY ELECTRONIC TRANSMISSION: I caused to be transmitted a true and correct copy of the entitled document(s) to all registered users associated with this case. Service is transmitted via CM/ECF to recipients via electronic service to the email address listed for the service via CM/ECF.

X BY MAIL: I served the documents by enclosing them in an envelope and placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice of collection and processing of correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

X (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 12, 2025, at Los Angeles, California.

JEANNETTE Y. CHAIDEZ

10

filed for Bankruptcy
petition on
8/7/25

Sedgwick Insurance Company
701 S. Parker Street
Orange, CA 92868

McCune & Harber LLP
515 S. Figueroa Street 1100
Los Angeles, CA 90071

David Keith Gottlieb (TR)
21650 W. Oxnard St., #500
Woodland Hills, CA 91367

McCune & Harber LLP
515 S. Figueroa Street 1100
Los Angeles, CA 90071



Motion to Dismiss
Exhibit C

# Exhibits

# Applications/Ex Parte Applications/Motions/Petitions/Requests

2:25-cv-04569-MWF-SSC
Maruzella Bognoli v. Acton Agua Dulce Unified School District et al

(SSCx),DISCOVERY,MANADR

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Harber, Stephen on 9/12/2025 at 4:42 PM PDT and filed on 9/12/2025

**Case Name:** Maruzella Bognoli v. Acton Agua Dulce Unified School District et al
**Case Number:** 2:25-cv-04569-MWF-SSC
**Filer:** Acton Agua Dulce Unified School District
**Document Number:** 22

**Docket Text:**
**NOTICE OF MOTION AND MOTION to Dismiss Case filed by Defendant Acton Agua Dulce Unified School District. Motion set for hearing on 10/20/2025 at 10:00 AM before Judge Michael W. Fitzgerald. (Attachments: # (1) Declaration of JORDAN D. DEES, # (2) Exhibit A, # (3) Exhibit B, # (4) Exhibit C, # (5) Exhibit D, # (6) Proof of Service, # (7) Proposed Order) (Harber, Stephen)**

**2:25-cv-04569-MWF-SSC Notice has been electronically mailed to:**

Asheesh R Mohindru amohindru@mccuneharber.com

Stephen M Harber sharber@mccuneharber.com, malvarez@mccuneharber.com

**2:25-cv-04569-MWF-SSC Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

Maruzella Bognoli
PO Box 921774
Sylmar, CA 91392

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\Mtn to Dismiss Complaint.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/12/2025] [FileNumber=40922017-0
] [8c66e1f8a98c1193342f125a6882864508d322e527d42a1f24791e10d43978fb8b7
1d65623b1b6e96c06af0632557b2b275b7474e524a92b1443ee8490f5159b]]
**Document description:**Declaration of JORDAN D. DEES
**Original filename:**C:\fakepath\Mtn to Dismiss Complaint - Decl of JDD.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/12/2025] [FileNumber=40922017-1
] [359ddff11ad13289767575624c0f5cfd392d322464b68d57aa9d37f7ae12fabb5cc
0849b0669b3d551c1b7a3746e4bad2ac0b8b5e6efa879678399517ad311ca]]
**Document description:**Exhibit A
**Original filename:**C:\fakepath\Exhibit A - PC 01 ( Meet & Confer re Plaintiff's Complaint).pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/12/2025] [FileNumber=40922017-2
] [09777fc8eab440120e47e61555d846fda6b3ba1067bc21457319c9fbe8324b1353c

a4f9599147b83e7ca8a904d7b34e17dcf69fe05e644ee73cdb234748adb16]]
**Document description:**Exhibit B
**Original filename:**C:\fakepath\Exhibit B - Dkt 01 - Complaint.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/12/2025] [FileNumber=40922017-3
] [4fd6fbe318b58cc8eb26247eecda0ae324bc45d09fd5381e4a6092fb8b7c5781bd2
e01523ea04f5de508bbb5bdc63c495dcb7c597325bc46bc4a19681415227c]]
**Document description:**Exhibit C
**Original filename:**C:\fakepath\Exhibit C - Dkt 14 - Ntc of Bankruptcy of Pltf by AADUSD.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/12/2025] [FileNumber=40922017-4
] [7aac95de48df5b5c26d2a00d770cd78ad38ffaed297e85a0997fe1fb3d2a913a611
3697ab0f88eec1ed185e04c3d4e3ba6972dd3adba4381f7a0235260208a20]]
**Document description:**Exhibit D
**Original filename:**C:\fakepath\Exhibit D - Plaintiffs Response.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/12/2025] [FileNumber=40922017-5
] [302c41d21f2a157505cdd7b2d1dac00acfb18f90a8d5a588ebabda14a10105b178b
c5691b6fcb8e1d30bd22908ab737bbd600e54f688e619284b662ac65bc43b]]
**Document description:** Proof of Service
**Original filename:**C:\fakepath\Mtn to Dismiss Complaint - POS.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/12/2025] [FileNumber=40922017-6
] [339c540b87b8a2b055b59bf51f1f5bf773ce4c1fa131f917c46b59d8f0c1af746fc
7b9d313942283a66d2d314475ebbcefd920755fad9ee4a4274c2f86d3e983]]
**Document description:**Proposed Order
**Original filename:**C:\fakepath\Mtn to Dismiss Complaint - PO.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/12/2025] [FileNumber=40922017-7
] [3d8fdf40e60fc9f45c8b6ce67beaf80f5a37f8c2a3f91356a31283b51ccdc78a137
394479ae2080b2e11a5bde999b72658b209118352a94bb889e7b0fc79ab5b]]

12